**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum, | No. CV-18-01429-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Concord CS Chandler LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Fernando Gastelum's Response to the Order to Show Cause, a Motion to Amend, and a Motion to Consolidate for Purpose of Appeal. (Doc. 9). For the following reasons, the Court find that Plaintiff has failed to show cause and dismisses the case for lack of standing pursuant to the Court's Order in *Gastelum v. Canyon Hospitality*, No. 17-cv-02792-PHX-GMS at Doc. 42. The Court also denies Plaintiff's Motion to Amend and grants Plaintiff's Motion to Consolidate.

Plaintiff's Response to the Order to Show Cause provides no additional particularized facts about Plaintiff's deterrence from and intent to actually visit or make a return visit to Defendant's hotel sufficient to grant him standing. Plaintiff discusses why he views the *Canyon Hospitality* decision as erroneous, but does not give the Court any additional facts specific to Defendant's hotel that would justify a departure from the *Canyon Hospitality* decision. Plaintiff booked a room at Defendant's hotel after the *Canyon Hospitality* decision in an effort to show an intent to return. (Doc. 9, Ex. 3). But, as this Court discussed in *Canyon Hospitality*, merely booking a room is not sufficient to

show a likelihood of encountering the alleged barriers or being deterred by them and suffering injury as a result. *Canyon Hospitality*, at pp. 14–15. The Court finds that Plaintiff has failed to show cause, and therefore dismisses the case for lack of standing pursuant to the *Canyon Hospitality* order.

Plaintiff then requests leave to amend. Courts are to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). However, local rules require that "a party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect [the amended pleading] differs from the pleading it amends by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15.1(a). The local rule imposes this requirement, among other reasons, to permit the court and the parties to determine whether there has been "undue delay, bad faith or dilatory motive on the party of the movant, . . . [or] futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Plaintiff's failure to comply with the Rule prevents the Court from assessing whether the Plaintiff would add facts relevant to the particular lodging defendant to suggest that the amendment he proposes would not be futile in light of this Court's previous rulings. However, Plaintiff has had opportunities in multiple hearings and in this Order to Show Cause to present facts which would demonstrate a real injury and likelihood of future injury. Plaintiff has not provided any information to the Court which would allow the Court to find standing. In Plaintiff's Response to the Order to Show Cause, Plaintiff suggests that "[i]f the distinction between *intending to visit a hotel* and *intending to book a room* at a hotel is constitutionally problematic, Plaintiff can easily change the verbiage to the Court's satisfaction." (Doc. 9, p. 5, n. 3). This is the only mention of how Plaintiff would specifically amend his complaint. Plaintiff, however, misunderstands the Court's ruling. Amending the Complaint to change its verbiage would not cure the Court's findings that Plaintiff has not actually established any sufficient desire to visit the hotel in question sufficient to be deterred from visiting there in the present. Merely changing the verbiage of the Complaint does not change the facts of

Plaintiff's sparse prior stays at hotels, limited finances, lawsuits against 139 hotels in the Phoenix area, and lack of detail as to why Plaintiff wishes to stay at Defendant's hotel.

Finally, Plaintiff requests that this case be consolidated with the *Canyon Hospitality* matter for purposes of appeal. Because the cases address the same question and rely on the same Order, the Court grants the motion.

**IT IS THEREFORE ORDERED** that the case is dismissed for lack of standing pursuant to the Court's Order in *Gastelum v. Canyon Hospitality*, No. 17-cv-02792-PHX-GMS at Doc. 42. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion to Amend is **DENIED** and the Motion to Consolidate is **GRANTED** for appeal purposes (Doc. 9).

Dated this 15th day of June, 2018.

Honorable G. Murray Snow
United States District Judge